IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| UNITED STATES OF AM ERICA | * | |
| v. | * | Criminal No.  GLR-20-0210 |
| JAMEKA THOMPSON | * | |

\*     \*     \*     \*     \*     \*     \*

<u>DEFENDANT'S STATEMENT IN AID OF SENTENCING</u>

Now comes the defendant, Jameka Thompson, by and through undersigned counsel and submits this statement in support of the arguments to be presented by the defendant at the time of sentencing in this matter and offers mitigation made available pursuant to the terms of the plea agreement. The substance of this document, and any argument at the time of sentencing, focuses on the substantial assistance provided to the government by the defendant[1] and the full and productive life that she lived before becoming involved in the criminal matter before the Court. The defendant requests that the Court consider this information in fashioning a sentence below or consistent with the recommendation of the government, and a sentence that will allow her hope that she may be reunited with her family within the near future. The government will elaborate on the nature and substance of Ms. Thompson's cooperation..[2]

_____

[1] Undersigned counsel expects that the government will advise the Court of the substantial assistance provided by Ms. Thompson. In light of it being within the domain of the government to proffer to the Court the nature of the cooperation, undersigned counsel defers to the government to outline the extent and substance of Ms. Thompson's cooperation.

[2] Based on conversations that undersigned counsel has had with the government, it is anticipated that the government will recommend a departure pursuant to U.S.S.G. § 5K1.1 and

1

The two factors most likely to influence the sentence ultimately imposed in this case is the quality and quantity of useful cooperation by Ms. Thompson, and the life that she lived prior to her divorce and involvement with co-defendant, Che Durbin. Ms. Thompson fully accepts responsibility for her actions, but her involvement with Mr. Durbin led her to engage in the activity that is the subject of this case.

Undersigned counsel ordinarily offers the Court a sentencing memorandum that focuses on the application of the guidelines, and the 18 U.S.C. § 3553 factors, but after contemplating the nature of the argument in this case, and counsel's knowledge that this Court is aware of Ms. Thompson's appearance as a witness in the prosecution of the case for which she pled guilty, undersigned counsel will focus on the request for a sentence at, or below, the guideline range that the government may recommend based exclusively on Ms. Thompson's cooperation. Undersigned counsel anticipates that the Court will determine the sufficient sentence in this case largely based on the government's proffer of the extent and substance of Ms. Thompson's cooperation, and the Court's knowledge of Ms. Thompson's journey in life that led her to a place where  she allowed herself to facilitate the criminal activity that was orchestrated by Che Durbin.

<u>INTRODUCTION</u>

Undersigned counsel is aware that the Court is intimately familiar with the facts of the case involving Ms. Thompson and five co-defendants.  Ms. Thompson's involvement in the transporting of a controlled substance from Arizona came after she was engaged in an intimate relationship with Mr. Durbin, whom she met through her brother-in-law after being divorced

---

18 U.S.C. § 3553(e) and will recommend to the Court that Ms. Thompson be sentenced to a period of incarceration reflected by the adjustment to the sentencing guidelines after the reduction in the guideline calculation.

2

Case 1:20-cr-00210-GLR   Document 182   Filed 06/17/22   Page 3 of 11

from her husband. Although there is a saying that there are "no victims, only volunteers" when it comes to involvement in conspiratorial activity, the nature of the relationship that she had with Mr. Durbin resulted in his exploitation of her for several years, after observing that she had become dependent upon him for financial support. Between the Court's having heard the testimony of Ms. Thompson at the time of her appearance as a government witness in the trial of two co-defendants, and consideration of the information in the Presentence Report, undersigned counsel is aware that the Court understands how Ms. Thompson became involved with Mr. Durbin, and how she sadly played a role in the drug conspiracy managed by Mr. Durbin. The relationship evolved from a casual introduction to a more intimate relationship that then resulted in her involvement in the criminal activity that allowed her to obtain financial assistance from Mr. Durbin.

Not long after being charged in this matter, Ms. Thomp;son agreed to cooperate with the government. As early as June of 2020[3] Ms. Thompson began to assist in the government's investigation. The government determined that Ms. Thompson was forthright during her meeting with the agents and the prosecutor, and she ultimately entered into plea negotiations that led to the guilty plea that brings Ms. Thompson before the Court. Pursuant to those negotiations Ms. Thompson signed a plea letter wherein the she admitted to the allegations contained in count 1 of the superseding indictment.

On January 21, 2022, the Ms. Thompson appeared before the Court and tendered a guilty

---

[3] Ms. Thompson was initially charged in the District Court of Maryland for Harford County after her arrest in May, 2020, and was later indicted in the United States District Court for the District of Maryland in July, 2020.

3

plea to count 1 of the superseding indictment filed in this case.  Sentencing is scheduled for Thursday, June 23,  2022.

THE PLEA AGREEMENT

Pursuant to the terms of the plea agreement, Ms. Thompson tendered a guilty plea to count 1 of the superseding indictment. Specifically, Ms. Thompson  pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and §841(b)(1)(A).. The specific acts involving Ms. Thompson, and other members  are set forth in a detailed factual basis appended to the plea

As set forth in paragraphs 4 and 5 of the plea letter, the advisory sentencing guidelines apply in this matter.

A Sealed Supplement to the plea agreement has been filed in this case. The government has advised undersigned counsel that it has determined that the defendant provided substantial assistance to the investigation and prosecution of others, and has fully complied with all of her obligations under her plea agreement and the Sealed Supplement. The government has indicated that it will make a motion, pursuant to U.S.S.G. § 5K1.1 and /or 18 U.S.C. § 3553(e),  requesting that the Court sentence the defendant in light of the advisory factors set forth in § 5K1.1(a)(1)-(5), and requesting a downward departure. It is the hope of undersigned counsel that the government will request a substantial departure for the substantial assistance provided by Ms. Thompson, and that the Court impose the least amount of incarceration that the Court believes is sufficient, but not greater than necessary.

PRESENTENCE REPORT

Undersigned counsel and the defendant have reviewed the presentence report prepared in this matter. Undersigned counsel is aware of the volume of work that the Court must complete. As such, it does not seem to be appropriate to rehash and repeat the personal information set forth in paragraphs 51 through 65 of the Presentence Report.

Ms. Thompson was arrested on May 12, 2020 and initially released from detention on May 13, 20220. Her conditions of release were then revoked on May 21, 2020, as a result of a belief that she was having contact with a co-defendant. She was then detained at the Harford County Detention Center until being transferred to Chesapeake Detention Facility. Her detention has been uninterrupted since May 20, 2020.

DEPARTURES & ADJUSTMENTS

Cooperation - § 5K1.1

Pursuant to the terms of the plea agreement the government will move under § 5K1.1 of the Federal Sentencing Guidelines for a downward departure for the defendant's substantial assistance in the investigation and prosecution of others who were involved in the conspiracy identified in this matter.  The Court is authorized to grant such a downward departure pursuant 18 U.S.C. § 3553(e). The government will move for a downward departure under U.S.S.G. § 5K1.1. It is expected that the government will set forth in substantive detail its opinion that Ms. Thompson's assistance was both substantial and beneficial to the government. According to the Federal Sentencing Guidelines the substantial assistance process must involve a defendant informing or behaving in a cooperating manner to assist with the investigation or prosecution of another individual.  As such, in accordance with § 5K1.1(a) of the Federal Sentencing Guidelines

Manual, the Court is provided direction and guidance in determining an appropriate departure.

The policy statement for § 5K1.1 provides:

(a)    The appropriate reduction shall be determined by the court
       for reasons stated that may include, but are not limited to
       consideration of the following:

   (1)    the court's evaluation of the significance and usefulness
          of the defendant's assistance, taking into consideration
          the government's evaluation of the assistance rendered;

   (2)    the truthfulness, completeness, and reliability of any
          information or testimony provided by the defendant;

   (3)    the nature and extent of the defendant's assistance;

   (4)    any injury suffered, or any danger or risk of injury to the
          defendant or his family resulting from his assistance;

   (5)    the timeliness of the defendant's assistance.

See § 5K1.1(a) of the Federal Sentencing Guidelines Manual.

   The court's role in the substantial assistance process is to decide whether to accept the

prosecution's § 5K1.1 motion and, if so, to determine the magnitude of departure as a function of

the degree and nature of the cooperation.

   In promulgating the guidelines, the United States Sentencing Commission clearly

intended the judge use discretion in reducing the sentence due to defendant cooperation.  The

guidelines policy statement in § 5K1.1 provides guidance for the judge in deciding upon the

sentence departure.  As noted, the Court is to consider the assistance's significance, usefulness,

truthfulness, completeness, reliability, nature, extent, risk and timeliness.  The equity questions

focus on how the court uses this guidance to achieve the guidelines purpose of certainty and

fairness.

6

It is anticipated that the government will provide the Court with the nature and extent of Ms. Thompson's cooperation, but the Court having had the opportunity to witness the testimony of Ms. Thompson at the time of the trial of her co-defendants, it is the belief of counsel that the Court has a comprehensive understanding of the extent and substance of Ms. Thompson's cooperation. Because of the Court's personal knowledge, and the fact that the government will set forth in a detailed and descriptive manner the extent of Ms. Thompson's assistance, her continued cooperation, and her availability for trial, undersigned counsel adopts, and incorporates by reference, the information to be provided to the Court in the Government's Motion for Downward Departure Under U.S.S.G. § 5K1.1, in support of the request to grant the government's request for a departure.

Ms. Thompson requests that the Court adopt the recommendation set forth in paragraph 68 of the Presentence Report. Undersigned counsel adopts the statement set forth in paragraph 68 and requests that the Court decline the government's request for a two level increase pursuant to USSG §2D1.1(b)(1) and determine that Ms. Thompson qualifies for the safety valve and determine that Ms. Thompson meets the criteria set forth in subsection (1)-(5) of subsection (a) of 3C1.2.

<u>PERSONAL HISTORY</u>

As noted, the Presentence Report, in paragraphs 51 through 65, accurately reflect the personal, social, educational and employment history of Ms. Thompson. As previously stated, undersigned counsel is cognizant of the restraints on the Court's time, and will not reiterate the information set forth in the referenced paragraphs of the Presentence Report, but incorporates by reference the information in the identified paragraphs.

7

Ms. Thompson appears before the Court as a 41 year old divorced mother of four children. Ms. Thompson is the mother of four children, 3 of whom are under the age of 18. Prior to her detention Ms. Thompson was the primary caretaker of her children. She regrets that her actions resulted in her separation from her children. It is her hope that upon the completion of any sentence of the Court that she will be reunited with her children. Prior to her involvement in this matter (and her introduction to Mr. Durbin) Ms. Thompson was a motivated individual who sought to improve herself and the lives of her children. She obtained a Master's Degree in Business and served in the United States Army. After her honorable discharge she continued to work with the Department of the Army at Aberdeen Proving Ground as an Inventory Management Specialist . An arrest in 2019 (associated with her activity with Che Durbin) resulted in the loss of her job, which then influenced her decision to assist Mr. Durbin in exchange for his providing her with financial assistance.

Ms. Thompson has struggled with depression and anxiety, and has sought assistance for her mental disorders while detained in this matter.

Accompanying this memorandum the Court will find letters from Ms. Thompson's father, sister and cousin offering their observations of Ms. Thompson.

<u>THE IMPOSITION OF THE SENTENCE IN MS. THOMPSON'S CASE</u>

Sentencing Guidelines are simply an advisory tool to be considered alongside other statutory considerations set forth in 18 U.S.C. § 3553(a). <u>See</u> <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007); <u>Gall v. United States</u>, 552 U.S. 38 (2007). The Guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors. <u>Nelson v. United States</u>, 555 U.S. 350. 129

S.Ct. 890, 892 (2009); Spears v. United States, 555 U.S. 350, 261, 264 (2009).

The Supreme Court cautioned that "[o]ur cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable" and that the "Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." Nelson, 129 S.Ct. at 892.  In other words, sentencing courts commit legal error by using a Sentencing Guidelines range as a default to be imposed unless a basis exists to impose a sentence outside that range.

Ms. Thompson understands, and anticipates, that she will be subjected to a period of incarceration. She is cognizant of her identified role in the conspiracy, the advisory guideline range, the considerations to be offered to the Court by the government in support of its recommended sentence, and the likelihood of the Court imposing some period of incarceration. The defendant believes that a period of incarceration below the sentence to be recommended by the government would satisfy the need for punishment, reflect the seriousness of the offense and promote respect for the law. Additionally, such a sentence would be sufficient to deter criminal conduct. Such a sentence would provide just punishment for the offense.

Applying the concept that fundamental fairness rather than calculated punishment has a more profound role in the he circumstances of Mr. Thompson's case, undersigned counsel believes that such an assessment supports a request that a sentence of imprisonment that is below the government's request is appropriate to achieve the purposes of sentencing and is otherwise consistent with the statutory factors. Given the nature of the cooperation that has been offered by Ms. Thompson, and  the number of years that she spent living a full and law abiding life,  a significant departure and/or variance in crafting the  sentence is appropriate.

9

A sentence of imprisonment below the sentence that may be recommended by the government is a serious punishment that satisfies the retributive, deterrent, and incarceration goals of sentencing. That sentence will fully convey - indeed, has already conveyed - to Ms. Thompson,  the seriousness of her conduct by depriving her of substantial time that she could otherwise have spent living her life with her children.

In sum, a sentence less than that which may be recommended by the government, which is reflective of the departure and the variance requested by the government, is sufficient but not more than necessary to meet the goals of sentencing.

<u>CONCLUSION</u>

In view of all of the above, the Court is requested to exercise leniency and mercy in its ultimate resolution of this matter by recognizing and acknowledging the substantial contributions made by Ms. Thompson to the government's investigation and prosecution of other individuals in this matter,  the inability to participate in the life of her family, and the overall considerations set forth in the body of this document, and those issues which shall be more fully presented at the time of sentencing in this matter.

Respectfully submitted,

_____
        -s-
Joseph Murtha
Rice Martha & Psoras, LLC
1301 York Road, Suite 200
Lutherville, Maryland 21093
(410) 583-6969
jmurtha@ricelawmd.com

Attorney for the defendant
Jameka Thompson

10

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th<sup>th</sup> day of June, 2022, a copy of the foregoing Statement in Aid of Sentencing was  sent by electronic mail to Christopher Romano, Assistant United States Attorney, (<u>Christopher.Romano@usdoj.gov</u>), Office of the United States Attorney for the District of Maryland, 36 S. Charles Street, 4th Floor, Baltimore, Maryland 21201.


_____-s-_____
Joseph Murtha


JM10382